**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANDIE BROWDER,**

    **Plaintiff,**

v.                                                          **Case No. 8:06-cv-1914-T-27TBM**

**MICHAEL AUDETTE, et al.**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), as amended (Doc. 6).[1]  Upon review of her Affidavit of Indigency (Doc. 3) indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action. However, because I find that the Complaint is frivolous, I recommend that the court dismiss this action.

I.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or

---

[1]This matter was automatically referred for the undersigned magistrate judge for disposition.  However, because I find that the Amended Complaint is frivolous and the action should be dismissed, this Report and Recommendation is submitted to the district judge for consideration.

"those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under section 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. Sun, 939 F.2d at 925 (citing Menendez, 817 F.2d at 739-40). However, the court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

II.

Plaintiff initiated this action by filing a Complaint (Doc. 1), the instant Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 2), and a supporting Affidavit of Indigency (Doc. 3). During the pendency of the application, Plaintiff filed another Complaint (Doc. 5) (hereinafter "Amended Complaint") and another Application to Proceed Without Prepayment of Fees and Affidavit (Doc. 6).

The Amended Complaint names multiple defendants, including various individuals, relatives, law enforcement agencies and officers, federal judges,[2] other governmental entities and officials, media corporations, professional sports leagues, physicians, and hospitals. The Amended Complaint purports to raise claims for invasion of privacy (Count One), conspiracy in violation of 42 U.S.C. § 1985 (Count Two), rape (Count Three), defamation and slander (Count Four),[3] and bribery (Count Five). The court's jurisdiction is alleged to be under 28 U.S.C. §§ 1331(2) and 1367.

Plaintiff's allegations appear to center on Defendant Michael Audette and Jeanne Long, who are alleged to be "contractual writers" for television. In essence, Plaintiff alleges that these two defendants have defamed, stalked, raped, and attempted to murder Plaintiff and have conspired with corporations, law enforcement, governmental officials, and judicial officers to cover up such misconduct. The Amended Complaint contains allegations such as the use of radio airwaves to stalk Plaintiff and invade her privacy, see (Doc. 5 ¶¶ 63, 65, 66, 67, 74, 92, 96, 102, 141); defamation and invasion of Plaintiff's privacy by "lip movements" directed toward her on television and "other media and by "paying" actors and

---

[2]During the pendency of the instant motion to proceed *in forma pauperis*, the Plaintiff filed her Amended Complaint to add a fifth cause of action for bribery and to name five additional defendants, including a "Judge Whittner" and a "Judge T.B. Mcallon." (Doc. 5 at ¶¶ 143-46). By these allegations, Judge Whittner and Judge Mcallon have "conspired with Judith Browder to take Bribes from Defendant Michael Audette to have Plaintiff's case dismissed from the court" and have received wire transfers into their personal bank accounts from Audette. Id. at ¶¶ 145, 146. Plaintiff adds, "(Plaintiff Request Order From Other Judges)." Id. This appears to be a reference to the presiding district judge and the undersigned magistrate judge. I find the allegations so fanciful and utterly without merit that there is no cause to recuse myself from entering this Report and Recommendation.

[3]The fourth count is enumerated "Count Five," which appears to be a scrivener's error.

3

actresses and by NFL players to "move their lips at Plaintiff," see id. at 63, 68, 77,78, 87, 127, 142; putting parasites in Plaintiff's food and causing her not to eat, see id. at ¶¶ 62, 88, 89, 108, 121-22; paying individuals to murder Plaintiff and then conspiring with federal, state, city, and county law enforcement agencies and officers to cover up reports and crimes, see id. at ¶¶ 107, 109, 110-18; injection of Plaintiff with an anesthetic drug, her rape by various individuals at various locations thirty-eight enumerated times and "every day," infecting her with the HIV virus, and covering up the rapes, see id. at ¶¶ 131-39; the refusal to take Plaintiff's underwear as evidence of rape, see id. at ¶¶ 91, 122; and bribery of federal judges to have Plaintiff's cases dismissed, including a statement, "(Don't Walk out that Court room to Cocky) Supreme Court Next," id. at ¶¶ 143, 144-46.

Plaintiff seeks, among other things, a preliminary and permanent injunction prohibiting further crimes against Plaintiff; an award "in the amount of 800,000 a day" for invasion of privacy plus "full cost in this action, including Plaintiffs time, reinburstment on all tapes tape records computer etc."; "900,000,000 Million plus cost of food" by Defendants for conspiracy; "compensation and consequential damages in the amount of 78 Million Dollars including imprisonment againest defendants" for crimes, including rape, against Plaintiff; "compensatory and consequential damages in the amount of 800,000 Dollars a day per Television Station and per Game against Defendants" and an award of punitive damages for defamation; "compensatory and consequential damages . . . in the amount of Three Million Dollars" for bribery; and a trial by jury. (Doc. 5 at 11, 14, 15, 16, 17).

Upon consideration, Plaintiff's action has little or no chance of succeeding on the merits. Even when the Amended Complaint is liberally construed in Plaintiff's favor, the

4

factual allegations describe "fantastic and delusional scenarios" which are clearly baseless and the legal theories are indisputably meritless.  See Neitzke, 490 U.S. at 328.  In such circumstances, dismissal of this action as frivolous is appropriate and mandated by 28 U.S.C. § 1915(e)(2)(B)(i).

III.

For the foregoing reasons, I recommend that the court DENY Plaintiff's application to proceed *in forma pauperis* (Docs. 2, 6) and to DISMISS this action with prejudice.

Respectfully submitted on this
13th day of November 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff